Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.

■ In the Matter of the Arbitration between PETER DE PUCCIO, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. —STALEY, JR., J. Appeal from an order of Supreme Court at Special Term, entered April 2, 1968 in Schenectady County, which denied appellant's motion for a stay of arbitration. The claimant alleges that he was injured on August 4, 1965 when he was seated in his parked automobile which was facing in a southerly direction on South Pearl Street in the City of Albany, New York, and it was struck in the left rear by another automobile which did not stop. On August 6, 1965 the claimant filed a report of the accident on form MV-104 with the Department of Motor Vehicles. On September 16, 1965 the claimant served a notice of intention to make claim upon the appellant Motor Vehicle Accident Indemnification Corporation. In the month of July 1967 the claimant served a demand for arbitration upon the appellant. By notice of motion dated August 21, 1967 and returnable September 8, 1967, the appellant moved for a stay of arbitration on the grounds that the claimant did not report the accident to the police within 24 hours after the accident, and that the identity of the owner of the alleged hit and run automobile has been ascertained. The appellant contends that it is entitled to a jury trial of the preliminary issues of whether or not the owner of the other automobile had been ascertained, and whether or not the accident was reported to the Albany Police within 24 hours as required by subdivision (b) of section 608 of the Insurance Law, and that the motion for a stay should have been granted. Arbitration under the policy is limited to the issue of negligence and the resulting question of damages. (*Matter of Rosenbaum [American Sur. Co. of N. Y.*], 11 N Y 2d 310; *Matter of Phoenix Assur. Co. of N. Y. [Digamus*], 9 A D 2d 998.) The appellant having raised the issues concerning identity of the owner of the other automobile and timely report of the accident to a police officer, the court below should have permitted it to offer any relevant proof to sustain its position, and to litigate the question of whether the other automobile was in fact a " hit and run automobile" and, therefore, an "uninsured automobile" within the terms of the policy. (*Matter of MVAIC [Malone*], 16 N Y 2d 1027; *Matter of Malitz* v. *MVAIC,* 17 A D 2d 108; *Matter of Phoenix Assur. Co. of N. Y. [Digamus*], *supra.*) Under the policy a condition precedent for arbitration was injury by an uninsured motorist. Evidentiary facts having been set forth raising a substantial issue as to compliance with the condition precedent, such issue must be determined by a jury trial. (*Matter of McGuane [MVAIC*], 29 A D 2d 835; *Matter of Rosenbaum [American Sur. Co. of N. Y.*], *supra.*) Claimant's contention that the motion for a stay was not timely made is without merit. A motion for a stay of arbitration is properly made after service of a demand for arbitration. (CPLR 7503.) There being no claim here that the demand for arbitration contained the 10-day preclusion language permissible under CPLR 7503 (subd. [c]), the motion for the stay was timely made. Order reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent herewith, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY C. MCKENDALL, Petitioner, v. J. EDWIN LA VALLEE, as Warden of Auburn Prison, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of CPLR 7002 (subd. [c])

thereof, and as otherwise insufficient on its face. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY C. MCKENDALL, Petitioner, v. J. EDWIN LA VALLEE, as Warden of Auburn Prison, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of CPLR 7002 (subd. [c]) thereof, and as otherwise insufficient on its face. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

█ JUSTINE ROACH, Respondent, v. COUNTY OF ALBANY, Appellant.— Motion for reargument granted, without costs. Case set down for first week of term to commence November 11, 1968. Argument should be directed to defendant-appellant's contention that the result of this court's affirmance of Special Term's order was not "consistent with the basic relief sought by the plaintiff in the action and particularly so when during the course of the proceeding the plaintiff in an affidavit admits the existence of the tax lien and offered to pay the same, together with penalties and interest." Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANONYMOUS, Appellant, v. SARATOGA COUNTY DEPARTMENT OF PUBLIC WELFARE et al., Respondents. — Motion to amend order entered July 12, 1968, granted, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

█ JULES BONNEFIN et al., Respondents, v. ELMER A. PERKINS, Appellant. — Motion for stay denied, with $10 costs. (See CPLR 5519, subd. [b], subd. [a], par. 2.) Cross motion to dismiss appeal denied, without costs, subject to renewal upon the argument and without prejudice to a motion by plaintiffs at Special Term to vacate the order entered August 28, 1968, or to a motion by defendant to vacate the order entered June 27, 1968. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WRIGHT, Petitioner, v. KENNETH GOODSPEED, as Sheriff of Essex County, Respondent.— Motion for leave to renew granted, without costs, and upon renewal, application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied as insufficient on its face. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO LOUIS ACEVEDO, Petitioner, v. J. EDWIN LaVALLEE, as Warden of Auburn Prison, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of CPLR 7002 (subd. [c], par. 6) thereof, and as otherwise insufficient on its face. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN MANNEY, Petitioner, v. KENNETH GOODSPEED, as Sheriff of Essex County, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied as insufficient on its face. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.

## (October 30, 1968)

█ PASQUALE MORRONE, as Guardian ad Litem of CARMELA MORRONE, an Infant, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 40740.) PASQUALE MORRONE, Appellant, v. STATE OF NEW YORK, Respondent. (Claim